JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
ACTING UNITED STATES ATTORNEY
BRITTNEY CAMPBELL, NORTH CAROLINA STATE BAR NO. 31433
DARCI W. CRANE, IDAHO STATE BAR NO. 8852
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE ST., SUITE 500
BOISE, I.D. 83702-7788
TELEPHONE: (208) 334-1211

**U.S. COURTS**

SEP 0 9 2025

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VICKIE SMITH and TOCHUKWU GODWIN NWANERI aka DR. SIMON GODWIN, TOCHIL NWANERI,<br><br>Defendants. | Case No. 1:25 cr 272 BLW<br><br>**INDICTMENT**<br><br>18 U.S.C. § 1343<br>18 U.S.C. § 1349<br>18 U.S.C. § 1956(h)<br>18 U.S.C. § 1957<br>18 U.S.C. § 981(a)(1)(A)<br>18 U.S.C. § 981(a)(1)(D)<br>18 U.S.C. § 982(a)(1)<br>18 U.S.C. § 982(a)(2)(A)<br>28 U.S.C. § 2461 |

The Grand Jury charges:

At times relevant to this Indictment:

### Introduction and Background

1.      As described in this Indictment, an "advanced-fee scheme" was a type of

fraudulent scheme in which the victim was induced to pay certain fees on the false belief

that the payments must first be made to receive a promised good or service, such as a loan

**INDICTMENT - 1**

or investment, when in reality the good or service was never going to be, and never was in fact, provided.

Relevant Entities and Individuals

2.      African Global Development Initiative, also known as AGDI, was a purported charitable organization founded by defendants TOCHUKWU NWANERI, using the name "Ambassador Tochil Nwaneri," and VICKIE SMITH.  AGDI claimed to be headquartered in Columbus, Ohio and New York, with offices located in Peoria, Arizona and Lagos, Nigeria.  AGDI advertised online that it was "Africa's emerging leader in energy and industrial development service sector," with a "leading role in infrastructure development."  SMITH and NWANERI opened and controlled various bank accounts in the name of AGDI that were used to receive and transmit funds the defendants obtained from Victim-1.

3.      Lady V Promotions was a shell entity that was purportedly a marketing agency based in Peoria, Arizona owned by SMITH.  Lady V Promotions controlled multiple bank accounts which received and transmitted funds the defendants obtained from Victim-1.

4.      Investment Group-1, also referred to in the scheme as the "Singapore Group," was a purported investment group based Singapore that claimed to, among other things, provide private lending to companies needing to raise capital through debt financing.

5.      Defendant TOCHUKWU GODWIN NWANERI was a Nigerian national and, at times, resided in the state of Ohio.

6.      Defendant VICKIE SMITH was a resident of Arizona.

7.      The defendants acted with others both known and unknown to the grand jury,

including but not limited to the following:

    a.   Unindicted Conspirator 1 ("UC-1"), a resident of Ohio.

    b.   Unindicted Conspirator 2 ("UC-2"), a resident of Georgia.

    c.   Unindicted Conspirator 3 ("UC-3"), a resident of Maryland.

    d.   Unindicted Conspirator 4 ("UC-4"), a resident of Georgia.

8.     Victim-1 was a resident of Idaho and the owner of a large construction firm based in Idaho that specialized in various sectors of the construction industry including renewable energy, industrial power, water, wastewater systems, and mining construction.

**COUNT ONE**
**Conspiracy to Commit Wire Fraud**
**18 U.S.C. § 1349**

9.     The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs one through eight of this Indictment.

10.     Beginning in or around at least August 2023 and continuing to at least in or around September 2025, in the District of Idaho and elsewhere, the defendants, VICKIE SMITH and TOCHUKWU GODWIN NWANERI, together with others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree to commit wire fraud, that is: devise and intend to devise a scheme and artifice to defraud, as to material matters, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and, in so doing, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of 18 U.S.C. § 1343.

## Object of the Conspiracy

11.    It was an object of the conspiracy for the defendants, VICKIE SMITH and TOCHUKWU GODWIN NWANERI, and their conspirators to unlawfully enrich themselves by falsely promising to provide Victim-1 with a $140 million loan in exchange for various advance fees that exceeded $20 million, and to conceal their scheme by (i) claiming various impediments to providing the promised loan which necessitated additional payments from Victim-1; and (ii) lulling Victim-1 with false assurances about their promised financial services, access to capital, and ability to provide the funds.

## Manner and Means

12.    The defendants, VICKIE SMITH and TOCHUKWU GODWIN NWANERI, and their conspirators, carried out the conspiracy through the following manner and means, among others:

a.    Utilizing interstate wires to (1) communicate via WhatsApp, text messages, phone calls, and email to induce Victim-1 to pay various purported fees associated with Victim-1's loan; (2) communicate with Victim-1 about including false descriptions on the financial wires he sent to the defendants and to financial accounts as instructed by the defendants; (3) fraudulently obtain payments from Victim-1, including wire transfers from Victim-1's bank accounts to domestic and international bank accounts controlled by the defendants and their conspirators; (4) wire fraudulently obtained proceeds to other conspirators, including family members, and other bank accounts controlled by the

conspirators; and (5) instruct Victim-1 to lie to financial institutions and law enforcement about the source of the funds deposited in to the accounts in question;

b.      Using false names when interacting with Victim-1 in order to conceal their true identities, including NWANERI using the identity Dr. Simon Godwin and SMITH using the name Nina Cheliyan, among others;

c.      Using false and fraudulent pretenses, representations, and promises, the defendants and conspirators induced Victim-1 to enter into a purported lending agreement in which Victim-1 was promised a loan for various projects related to Victim-1's business;

d.      Claiming that Victim-1 was required to pay fees for risk analysis and due diligence reports as well as millions of dollars in other fees in order to obtain the loan he was seeking;

e.      Inducing Victim-1 to pay the various advance fees by leading Victim-1 to believe that the Singapore Group had the money to lend when the defendants knew that the "Singapore Group" did not have the capital to make the loans, and instead of using the advanced fees for the purposes they told Victim-1, the defendants spent the fees on various personal expenses and wired the funds to family members and offshore bank accounts;

f.      Falsely claiming that Victim-1's loan was tied a purported $1.3 billion Forex account, and informing Victim-1 that he was required to transfer additional funds related to the purported Forex account in order to obtain his loan;

g.      Falsely telling Victim-1 that he was under investigation for money laundering by the Singapore government in order to induce Victim-1 to send defendants additional funds to assist with transferring his purported loan funds to accounts that

Victim-1 would ultimately be able to access when, in reality, the defendants knew there was no money laundering investigation and that there were no "loan funds" to transfer;

h.     Depositing and causing to be deposited the fraudulently obtained funds into bank accounts under the defendants' control and then disbursing and causing to be disbursed these funds, including via wire transfers to each other individually, through their associated entities, and to other conspirators;

i.     Instructing Victim-1 to lie to banks and law enforcement about the purpose of the wires Victim-1 sent at the defendants' direction, including claiming the funds were for construction projects and charitable contributions;

j.     Throughout the conspiracy and scheme, the defendants sent emails, WhatsApp messages, and text messages in which they falsely represented to Victim-1 the status of his funding and the likelihood he would receive the loan funds.

All in violation of 18 U.S.C. § 1349.

## COUNTS TWO THROUGH TWENTY-NINE
### Wire Fraud
### 18 U.S.C. § 1343

13.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs one through eight of this Indictment.

14.     Beginning in or around at least August 2023 and continuing until at least in or around September 2025, in the District of Idaho and elsewhere, the defendants, VICKIE SMITH and TOCHUKWU GODWIN NWANERI, knowingly participated in, devised, and intended to devise, a scheme and artifice to defraud Victim-1 as to material matters and

to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

## Manner and Means

15.     To further the objects and goals of the scheme, the defendants, SMITH and NWANERI, carried out the scheme through the manner and means described in paragraph 12 of this Indictment, among others.

## Executions of the Scheme

16.     On or about the dates set forth below, in the District of Idaho and elsewhere, the defendants, SMITH and NWANERI, for the purpose of executing, and attempting to execute the scheme described above, did knowingly transmit, and cause to be transmitted, by means of wire communication in interstate commerce the writings, signs, signals and sounds described below for each count, each transmission constituting a separate count of this Indictment:

| Count | Date (on or about) | Interstate Wire Communication |
|---|---|---|
| 2 | October 31, 2023 | WhatsApp Message from NWANERI to Victim-1 stating his risk management report was completed and instructing Victim-1 that he must make a payment to a bank account in the Netherlands held in the name of AGDI before the report would be released. |
| 3 | November 2, 2023 | Wire transfer in the amount of $55,740 from Victim-1's business account at Zions Bank ending in x0106 to account held in the name of AGDI, Inc. at Wise Europe S.A. |
| 4 | November 17, 2023 | Wire transfer in the amount of $84,997.50 from Victim-1's business account at Zions Bank ending in x0106 to account held in the name of AGDI, Inc. at Wise Europe S.A. |
| 5 | December 23, 2023 | Email from SMITH using email account Ninacheliyan@gmail.com to Victim-1 stating 2% bond required to close $140,000,000 loan |

| Count | Date (on or about) | Interstate Wire Communication |
|---|---|---|
| 6 | December 26, 2023 | Wire transfer in the amount of $1,750,000 from Victim-1's son's business account at Umpqua Bank ending in x3637 to account held in the name of Lady V Promotions ending in x2159 at Citibank, N.A. |
| 7 | February 21, 2024 | Wire transfer in the amount of $5,000,000 from Victim-1's business account at Zions Bank ending in x0106 to account held in the name of Lady V Promotions ending in x2159 at Citibank, N.A. |
| 8 | April 17, 2024 | Email from Nina Cheliyan (pseudonym used by VICKIE SMITH) using account Ninacheliyan@gmail.com to Victim-1 at email account x instructing Victim-1 to make "logistic fees" in two separate payments |
| 9 | April 19, 2024 | Wire transfer in the amount of $87,000 from Victim-1's business account at Zions Bank ending in x0106 to account held in the name of AGDI, Inc. at Bank of Arizona ending in x1722 |
| 10 | April 19, 2024 | Wire transfer in the amount of $149,487.79 from Victim-1's business account at Zions Bank ending in x0106 to account ending in held in the name of AGDI, Inc. at Community Federal Savings Bank ending in x8089 |
| 11 | May 3, 2024 | Wire transfer in the amount of $146,834 from Victim-1's business account at Zions Bank ending in x0106 to account held in the name of AGDI, Inc. at Bank of Arizona ending in x1722 |
| 12 | May 3, 2024 | Wire transfer in the amount of $100,000 from Victim-1's business account at Zions Bank ending in x0106 to account held in the name of AGDI, Inc. at Community Federal Savings Bank ending in x8089 |
| 13 | May 28, 2024 | Email from SMITH using the email account Ninacheliyan@gmail.com to Victim-1 instructing Victim-1 to use "Charitable Donation" for the description of the wire transfers he was sending pursuant to the defendants' instructions |
| 14 | May 29, 2024 | Wire transfer in the amount of $1,500,000 from Victim-1's business account at Zions Bank ending in x0106 to account held in the name of AGDI, Inc. at Community Federal Savings Bank ending in x8089 |
| 15 | June 3, 2024 | Wire transfer in the amount of $415,000 from Victim-1's business account at Zions Bank ending in x0106 to account held in the name of AGDI, Inc. at Bank of Arizona ending in x1722 |

| Count | Date (on or about) | Interstate Wire Communication |
|---|---|---|
| 16 | December 16, 2024 | Wire transfer in the amount of $1,200,000 from Victim-1's business account at Umpqua Bank ending in x4738 to account held in the name of Lady V Promotions ending in x2159 at Citibank, N.A. |
| 17 | January 9, 2025 | Email from SMITH using email account Ninacheliyan@gmail.com to Victim-1 informing Victim-1 that his company had accrued "fines" of $5,989,674.30 which must be paid within three business days into to separate accounts. |
| 18 | January 12, 2025 | Email from SMITH using email account Ninacheliyan@gmail.com to Victim-1 informing Victim-1 that the following deposits had to occur in the next 48 hours: (1) a deposit of $2,694,837 to Lady V Promotions with a stated purpose of "Kuala Lumpur Expansion TTKYZ025" and (2) a $3,294,837 deposit to the AGDI, Inc account with a stated purpose of "Scholarships Way Forward Project, NG23004." |
| 19 | January 13, 2025 | Wire transfer in the amount of $2,694,837.30 from Victim-1's business account at Umpqua Bank ending in x4738 to account held in the name of Lady V Promotions ending in x2159 at Citibank, N.A. |
| 20 | January 13, 2025 | Wire transfer in the amount of $3,294,837 from Victim-1's business account at Umpqua Bank ending in x4738 to account held in the name of AGDI, Inc. at Bank of Arizona ending in x1722 |
| 21 | February 3, 2025 | Wire transfer in the amount of $100,000 from Victim-1's business account at Umpqua Bank ending in x3900 to account held in the name of Botha and Barendrecht Inc. at Firstrand Bank LTD in South Africa ending in x6462 |
| 22 | February 3, 2025 | Wire transfer in the amount of $120,000 from Victim-1's business account at Umpqua Bank ending in x3900 to account held in the name of Stella MMATLE Services at Firstrand Bank Ltd ending in x4226 |
| 23 | February 18, 2025 | Wire transfer in the amount of $370,000 from Victim-1's business account at Umpqua Bank ending in x3900 to account held in the name of Botha and Barendrecht Inc. at Firstrand Bank LTD in South Africa ending in x6462 |
| 24 | March 24, 2025 | Wire transfer in the amount of $1,006,953.05 from Victim-1's business account at Umpqua Bank ending in x4738 to account held in the name of Shaoxing Haoyue Import and Export at Agricultural Bank of China Limited ending in x0066 |

| Count | Date (on or about) | Interstate Wire Communication |
|---|---|---|
| 25 | March 24, 2025 | Wire transfer in the amount of $993,046.95 from Victim-1's business account at Umpqua Bank ending in x4738 to account held in the name of Yiwu Hangtai Supply Chain Managemen at Zhejiang Tailong Commercial Bank Co ending in x7550 |
| 26 | March 27, 2025 | Wire transfer in the amount of $275,000 from Victim-1's business account at Umpqua Bank ending in x3900 to account held in the name of Nexus Capital Partners (PTY) LTD at Firstrand Bank LTD in South Africa ending in 3340 |
| 27 | April 23, 2025 | Wire transfer in the amount of $866,288 from Victim-1's business account at Umpqua Bank ending in x3900 to account held in the name of Dongsheng Barter (Yiwu) Digital Tec ending in x5827 at Industrial and Commercial Bank of China |
| 28 | April 24, 2025 | Wire transfer in the amount of $495,000 from Victim-1's business account at Umpqua Bank ending in x3900 to account held in the name of Shenzhen Huben Technology Co., Ltd ending in x0988 at China Merchants Bank CO LTD |
| 29 | April 25, 2025 | WhatsApp Message exchange between NWANERI to Victim-1 in which NWANERI stated to Victim-1 that they cannot let the U.S. Secret Service interfere with the South Africa bank transactions and instructing Victim-1 to inform the Secret Service that the money Victim-1 sent to China was for the "purchase of pipes" and further informing the Victim that "if you tell them what really happened we are all going to jail" |

All in violation of 18 U.S.C. § 1343.

## COUNT THIRTY
### Money Laundering Conspiracy
### 18 U.S.C. § 1956(h)

17.    The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs one through eight, 12, and 14 through 16 of this Indictment.

18.    Beginning at least as early as in or around August 2023, the exact date being unknown, and continuing through in or about April 2025, in the District of Idaho and elsewhere, the defendants, VICKIE SMITH and TOCHUKWU GODWIN NWANERI,

did combine, conspire, confederate, and agree with others known and unknown to the

Grand Jury, including UC-1, UC-2, UC-3, and UC-4, to commit money laundering

offenses, in violation of 18 U.S.C. §§ 1956 and 1957, as follows:

a.  to knowingly conduct, attempt to conduct, and aid and abet others to

conduct, financial transactions that affected interstate and foreign commerce,

which involved the proceeds of specified unlawful activity, that is, proceeds

from Wire Fraud, in violation of 18 U.S.C. § 1343, knowing that said

transactions were designed in whole or in part to conceal and disguise the

nature, location, source, ownership, and control of the proceeds of the

specified unlawful activity, and that while conducting such financial

transactions, knew that the property involved in the financial transactions

represented the proceeds of some form of specified unlawful activity, in

violation of 18 U.S.C. § 1956(a)(1)(B)(i);

b.  to transport, transmit, and transfer, and attempt to transport, transmit, and

transfer, and aid and abet others to transport, transmit, and transfer, monetary

instruments and funds involving the proceeds of specified unlawful activity,

that is, proceeds from Wire Fraud, in violation of 18 U.S.C. § 1343, from

places in the United States to or through places outside the United States,

knowing that the monetary instruments and funds involved in the

transportation, transmission, and transfer represented the proceeds of some

form of unlawful activity and knowing that such transportation, transmission

and transfer was designed in whole or in part, to conceal or disguise the

nature and source of the proceeds of the specified unlawful activity, in

violation of 18 U.S.C. § 1956(a)(2)(B)(i); and

c.  to knowingly engage and attempt to engage in the monetary transactions by,

through, and to a financial institution, affecting interstate commerce, knowing

that such transactions involved criminally derived property of a value greater

than $10,000, such property having been derived from a specified unlawful

activity, that is Wire Fraud, in violation of 18 U.S.C. §1343, in violation of 18

U.S.C. § 1957.

### Manner and Means

19.    The allegations set forth in paragraph 12 are realleged as if fully set forth

herein.

All in violation of 18 U.S.C. § 1956(h).

### COUNTS THIRTY-ONE THROUGH SEVENTY-ONE
### Money Laundering
### (Engaging in Monetary Transactions in Property Derived from Wire Fraud)
### 18 U.S.C. § 1957

20.    The Grand Jury re-alleges and incorporates by reference the factual

allegations contained in paragraphs one through eight, 12, and 14 through 16 of this

Indictment.

21.    On or about the dates listed below, in the District of Idaho and elsewhere, the

defendants, VICKIE SMITH and TOCHUKWU GODWIN NWANERI, aided and

abetted each other and by others known and unknown to the Grand Jury, did knowingly

engage and attempt to engage in the monetary transactions indicated below, by, through,

and to a financial institution, affecting interstate commerce, knowing that such transactions

involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is wire fraud, in violation of 18 U.S.C. §1343, each transaction constituting a separate count of this Indictment:

| Count | Date (on or about) | Amount (approx.) | Description of Monetary Transaction |
|---|---|---|---|
| 31 | January 5, 2024 | $104,685.00 | Cashier's check No. 36100440 funded from Lady V Promotion's Citibank account ending in x2159 made payable to Car Auction Business-1 |
| 32 | January 11, 2024 | $130,000.00 | Wire transfer from Lady V Promotion's Citibank account ending in x2159 to AGDI's Zions Bancorp account No. x1722 |
| 33 | January 12, 2024 | $128,408.02 | Purchase of 2024 Mercedes Benz using Cashier's check funded from AGDI Zions Bancorp account ending in x1722 VIN: 4JGFD8KB1RB080949 |
| 34 | January 16, 2024 | $97,506.00 | Wire transfer from Lady V Promotion's Citibank account ending in. x2159 to STP Gateway Investments JP Morgan Chase Account No. x6653 |
| 35 | January 19, 2024 | $75,803.09 | Wire transfer from STP Gateway Investments' JP Morgan Chase account ending in x6653 to Title Agency-1 in Toledo, Ohio. File #840907 |
| 36 | February 6, 2024 | $50,134.00 | Wire transfer from Lady V Promotion's Citibank account ending in x2159 to STP Gateway Investments JP Morgan Chase account ending in x6653 |
| 37 | February 12, 2024 | $610,000.00 | Wire transfer from Lady V Promotions' Citibank account ending in x2159 to African Global Development Initiative's Truist account ending in x2790 |

| Count | Date (on or about) | Amount (approx.) | Description of Monetary Transaction |
|---|---|---|---|
| 38 | February 15, 2024 | $584,360.00 | Wire transfer from African Global Development Initiative's Truist account ending in x2790 to Law Firm-1's First Citizens Bank account ending in x7370 Purpose: purchase of real property Address: 1283 Blairwood Ct, Atlanta, GA 30331 Parcel #: 14F0079LL1034 Owner: African Global Development Initiative Inc & VICKIE Lynn Smith |
| 39 | February 21, 2024 | $89,572.00 | Wire transfer from Lady V Promotions Citibank account ending in x2159 to STP Gateway Investments' JP Morgan Chase account ending in x6653 |
| 40 | March 4, 2024 | $1,709,820.00 | Wire transfer from Lady V Promotions' Citibank account ending in x2159 to African Global Development Initiative's Truist account ending in x2790 |
| 41 | March 18, 2024 | $50,134.00 | Wire transfer from Lady V Promotions' Citibank account ending in x2159 to STP Gateway Investments' JP Morgan Chase account ending in x6659 |
| 42 | April 8, 2024 | $750,000.00 | Wire transfer from Lady V Promotions' Citibank account ending in x2159 to UC-3's business Capital One account ending in x3041 |
| 43 | April 24, 2024 | $575,000.00 | Wire transfer from Lady V Promotions' Citibank account No. x2159 to UC-3's business Capital One account ending in x3041 |

| Count | Date (on or about) | Amount (approx.) | Description of Monetary Transaction |
|---|---|---|---|
| 44 | May 14, 2024 | $1,066,064.21 | Wire transfer from African Global Development Initiative's Truist account ending in 2790 to Law Firm-2's account ending in x1858<br>Purpose: purchase of real property<br>Address: 4051 Annecy Dr SW, Atlanta, GA 30331<br>Parcel #14F0044LL1192<br>Legal: Lot 28N |
| 45 | May 14, 2024 | $418,869.00 | Wire transfer from African Global Development Initiative's Truist account ending in x2790 to Real Estate Company-1's Capital One account ending in x3663 |
| 46 | May 16, 2024 | $50,000.00 | Wire transfer from Lady V Promotions' Citibank account No. x2159 to Mitchbrey Auto Gallery LLC's JP Morgan Chase account ending in x5652 |
| 47 | June 26, 2024 | $750,000.00 | A check (#724) sent from UC-3's business' Capital One combined checking account ending in x4393 and savings account ending in x8582 to Regions Bank in the name A.B. |
| 48 | August 12, 2024 | $175,283.50 | Wire transfer from Lady V Promotions Citibank account ending in x2159 to Car Dealership-1's Huntington Bank account ending in x0888<br>Purchase of Vehicle<br>Vehicle: 2024 Range Rover<br>VIN: SALK19E95RA252389 |
| 49 | September 9, 2024 | $300,000.00 | Cashier's Check from African Global Development Initiative's Zions Bancorp account ending in x1722 to Lady V Promotions' First Commonwealth Bank account ending in x3292 |
| 50 | September 9, 2024 | $65,000.00 | Cashier's Check from African Global Development Initiative's Zions Bancorp account ending in x1722 to Earnwell |

| Count | Date (on or about) | Amount (approx.) | Description of Monetary Transaction |
|---|---|---|---|
| | | | MFB LLC's JP Morgan Chase account ending in x6356 |
| 51 | October 2, 2024 | $175,000.00 | Wire transfer from African Global Development Initiative's Zions Bancorp account ending in x1722 to Earnwell MFB LLC's JP Morgan Chase account ending in x6356 |
| 52 | October 10, 2024 | $50,000.00 | Wire transfer from Earnwell MFB LLC's JP Morgan Chase account ending in x6356 to Mitchbrey Auto Gallery LLC's JP Morgan Chase account ending in x5652 |
| 53 | October 31, 2024 | $50,000.00 | Wire transfer from Earnwell MFB LLC's JP Morgan Chase account ending in x6356 to Mitchbrey Auto Gallery LLC's JP Morgan Chase account ending in x5652 |
| 54 | November 1, 2024 | $200,000.00 | Cashier's Check from Mitchbrey Auto Gallery LLC's JP Morgan Chase account ending in x5652 to Car Auction Business -1 |
| 55 | November 8, 2024 | $258,548.42 | Wire transfer from Lady V Promotions' First Commonwealth Bank account ending in x3292 to Title Agency -2 Bank United account ending in x1370 Purpose: purchase of real estate Address: 6237 Needletail Rd, Columbus OH 43250 Parcel #010-287422-00 Legal Description: Preserve Crossing Condominium 14th AMD Bld 32 Unit 32-6237 |

**INDICTMENT - 16**

| Count | Date (on or about) | Amount (approx.) | Description of Monetary Transaction |
|-------|--------------------|------------------|-------------------------------------|
| 56 | December 5, 2024 | $320,151.44 | Wire transfer from African Global Development Initiative's Zions Bancorp account ending in x1722 to Title Company-3 Purpose: Purchase a House Address: 1718 W Colter Street #162, Phoenix, AZ 85015 Parcel #15636146 Deed #20240654503 |
| 57 | December 5, 2024 | $160,000.00 | Wire transfer from Lady V Promotions' Citibank account ending in x2159 to UC-3's business Capital One account ending in x3041 |
| 58 | January 3, 2025 | $375,000.00 | Wire transfer from Lady V Promotions' Citibank account ending in x2159 to Mitchbrey Auto Gallery LLC's JP Morgan Chase account ending in x5652 |
| 59 | January 17, 2025 | $1,800,000.00 | Wire transfer from Lady V Promotions' Citibank account ending in x2159 to Lady V Promotions' United Bank of Africa account ending in x8195 located in Lagos, Nigeria |
| 60 | January 27, 2025 | $400,000.00 | Wire transfer from Lady V Promotions' Citibank account ending in x2159 to VICKIE Smith's Ally Bank account ending in. x8286 |
| 61 | January 27, 2025 | $500,000.00 | Wire transfer from Lady V Promotions' Citibank account ending in x2159 to UC-3's business Capital One account ending in. x3041 |
| 62 | January 27, 2025 | $500,000.00 | Wire transfer from Lady V Promotions' Citibank account ending in x2159 to Mitchbrey Auto Gallery LLC's JP Morgan Chase account ending in x5652 |

| Count | Date (on or about) | Amount (approx.) | Description of Monetary Transaction |
|-------|--------------------|------------------|-------------------------------------|
| 63 | February 19, 2025 | $100,000.00 | Wire transfer from African Global Development Initiative's Zions Bancorp account no. x1722 to African Global Development Initiative's Truist account ending in x2790 |
| 64 | February 24, 2025 | $250,000.00 | Wire transfer from UC-3's business Capital One account ending in x5217 to Earnwell Microfinance Bank Limited's account at Fidelity Bank Plc ending in x1703 located in Lagos, Nigeria |
| 65 | March 25, 2025 | $25,000.00 | Wire transfer from African Global Development Initiative's Zions Bancorp account ending in x1722 to Mitchbrey Auto Gallery LLC's JP Morgan Chase account ending in x5652 |
| 66 | March 31, 2025 | $50,000.00 | Wire transfer from African Global Development Initiative's Zions Bancorp account ending in x1722 to Motion Motors LLC's Truist account ending in x5422 |
| 67 | March 31, 2025 | $500,000.00 | Wire transfer from African Global Development Initiative's Zions Bancorp account ending in x1722 to African Global Development Initiative's Truist account ending in x2790 |
| 68 | April 10, 2025 | $575,000.00 | Cashier's Check from African Global Development Initiative's Zions Bancorp account ending in x1722 to OpenGAGA Group Inc's JP Morgan Chase account ending in x2169 |
| 69 | April 10, 2025 | $650,000.00 | Cashier's Check from African Global Development Initiative's Zions Bancorp account ending in x1722 to Earnwell MFB LLC's JP Morgan Chase account ending in x6356 |
| 70 | April 16, 2025 | $105,000.00 | Wire transfer from Lady V Promotions' Citibank account ending in x2159 to |

| Count | Date (on or about) | Amount (approx.) | Description of Monetary Transaction |
|---|---|---|---|
| | | | Motion Motors LLC's Truist account ending in x5422 |
| 71 | June 2, 2025 | $45,902.00 | Wire transfer from African Global Development Initiative's Truist account ending in x2790 to Auto Dealership-2's Truist account ending in x6895 |

All in violation of 18 U.S.C. § 1957.

## CRIMINAL FORFEITURE ALLEGATION(S)

### Fraud Forfeiture
### U.S.C. §§ 981(a)(1)(D), 982(a), and 21 U.S.C. § 2461

Upon conviction of the offenses alleged in Counts One through 30 of this Indictment, the defendants shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the foregoing offenses. The property to be forfeited includes, but is not limited to, the following:

      1.    Real Property Subject to Forfeiture.  The real property, located as set forth below, including the lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, and all equity in the same, as proceeds of the crime of conviction and derived from, and traceable to, proceeds:

      a.    1283 Blairwood Ct, Atlanta, GA;

      b.    4051 Annecy Dr. SW, Atlanta, GA 30331/ APN: 14F-0044-LL-119-2; Subdivision: Nisky Lake Farms; Legal: Lot 28N;

      c.      6237 Needletail Rd, Columbus, OH; Parcel #010-287422-00; Legal Description: Preserve Crossing Condominium 14th AMD Bldg. 32 Unit 32-6237;

      d.      1718 W Colter Street, #162, Phoenix, AZ 85015; APN156-36-147, Deed #20240654503;

2.      <u>Personal Property</u>. The personal property, as set forth below, as proceeds of the crime of conviction and derived from, and traceable to, proceeds:

      a.      2024 Mercedes Benz GLE AMG 63 S Coup - VIN: 4JGFD8KB1RB080949;

      b.      2024 Range Rover, VIN: SALK19E95RA252389.

3.      <u>Unrecovered Cash Proceeds and/or Facilitating Property.</u> The defendants obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendants used to facilitate the offense, but based upon actions of the defendants, the property was transferred, diminished, comingled, or is otherwise unavailable. The defendants obtained and controlled at least $21,483,321.25 in unrecovered forfeitable property.

4.      <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of defendants" up to the value of the defendants' assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

      a.      Cannot be located upon the exercise of due diligence;

      b.      Has been transferred or sold to, or deposited with, a third person;

    c.      Has been placed beyond the jurisdiction of the court;

    d.      Has been substantially diminished in value; or

    e.      Has been commingled with other property which cannot be subdivided without difficulty.

<u>**Money Laundering Forfeiture**</u>
**18 U.S.C. §§ 981(a)(1)(A), 982(a)(1), and 28 U.S.C. § 2461(c).**

Upon conviction of the offenses alleged in alleged in Counts 31 through 71 of this Indictment, the defendants, SMITH and NWANERI, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A), § 982(a)(1), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said violations; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offenses.

1.    <u>Real Property Subject to Forfeiture:</u>  The real property, located as set forth below, including the lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, and all equity in the same, as proceeds of the crime of conviction and derived from, and traceable to, proceeds:

    a.    1283 Blairwood Ct., Atlanta, GA;

    b.    4051 Annecy Dr. SW, Atlanta, GA 30331/ APN: 14F-0044-LL-119-2; Subdivision: Nisky Lake Farms; Legal: Lot 28N;

    c.    6237 Needletail Rd, Columbus, OH; Parcel #010-287422-00; Legal Description: Preserve Crossing Condominium 14th AMD Bldg. 32 Unit 32-6237;

**INDICTMENT - 21**

       d.   1718 W Colter Street, #162, Phoenix, AZ 85015;

          APN156-36-147, Deed #20240654503;

    2.    <u>Personal Property</u>. The personal property, as set forth below, as proceeds of the crime of conviction and derived from, and traceable to, proceeds:

       a.   2024 Mercedes Benz GLE AMG 63 S Coup - VIN: 4JGFD8KB1RB080949;

       b.   2024 Range Rover, VIN: SALK19E95RA252389.

//

//

//

//

//

//

//

//

//

//

//

**INDICTMENT** - 22

3.    <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of defendants" up to the value of the defendants' assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

     a.    Cannot be located upon the exercise of due diligence;

     b.    Has been transferred or sold to, or deposited with, a third person;

     c.    Has been placed beyond the jurisdiction of the court;

     d.    Has been substantially diminished in value; or

     e.    Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 9th day of September 2025.

A TRUE BILL

*/s/ [signature on reverse]*

FOREPERSON

JUSTIN D. WHATCOTT
ACTING UNITED STATES ATTORNEY
By:

BRITTNEY CAMPBELL
ASSISTANT UNITED STATES ATTORNEY

**INDICTMENT** - 23