UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TOCHUKWU GODWIN NWANERI aka<br>DR. SIMON GODWIN, TOCHIL<br>NWANERI,<br><br>    Defendant. | Case No. 1-25-cr-00272-BLW<br><br>**ORDER** |

The United States filed a Stipulated Motion for a Protective Order regarding discovery in this case. To expedite the discovery process, facilitate the prompt resolution of disputes over confidentiality and adequately assure the protection and preservation of personal identity and contact information found in the discovery materials, pursuant to the Court's authority under Rule 16(d) of the Federal Rules of Criminal Procedure,

IT IS ORDERED:

1.      **Definition of protected personal identity, financial, and contact information.**

For purposes of this order, "protected personal identity, financial and contact, information" (collectively "protected information") includes any information, whether oral or recorded in any form or medium, as follows:

(1) "Protected personal identity information" includes any unique identifying information such as date of birth, address, social security number, and any account numbers or identification numbers used by the federal government, state government, local government or companies to identify individuals.

(2) "Protected financial information" includes all bank account numbers, financial account numbers, member numbers, credit card numbers, and numbers of any kind used to retrieve or access assets and money, including but not limited to pin numbers, account codes and numbers, and security passwords.

(3) "Protected contact information" includes all home addresses, phone numbers for personal residences and phone numbers for cell phones.

2.    **Production of protected information by the Government subject to privacy protection.**  The Government may produce protected information to defense counsel pursuant to the uniform procedural order and Federal Rule of Criminal Procedure 16.  In addition, the protected information may be subject to additional protection under Federal Rule of Criminal Procedure 49.1, the Court's local rules and federal law, including but not limited to the privacy act.  The Government will produce documents containing protected information in un-redacted form to the defense.

3.    **Designation of material subject to this protective order.**  To designate protected information subject to this order, the Government will so identify on the material itself, in an accompanying cover letter, on a diskette cover or label, or interrogatory or request for admission response by using the following designation:  "CONFIDENTIAL INFORMATION-SUBJECT TO PROTECTIVE ORDER."

4.    **Access to and use of protected information.**  The Defendant, his counsel and counsel's agents and employees may use the protected information only for purposes of this litigation.  They may not disclose such protected information to anyone not specifically entitled to access under this protective order.  Defense counsel may disclose protected information to the Defendant, but may not provide the Defendant with any documents containing protected

information.  Defense counsel and counsel's agents and employees may only use the protected information to defend this criminal case, including any appeal, and may disclose the protected information to non-parties to this litigation, such as experts or outside investigators retained by the Defendant, as follows:

a.    Such disclosure may occur only as needed for the litigation;

b.    Such disclosures may occur only after defense counsel advises the non-party of the terms of this order; and

c.    Material given to non-parties must be designated in compliance with paragraph 3 above.

5.    **Use of protected information in court filings and open court.**  The procedures for use of protected information during any hearing or the trial of this matter will be determined by the parties and the Court in advance of a hearing or trial.  The parties will ensure that all protected information is redacted in accordance with Federal Rule of Criminal Procedure 49.1 and other applicable laws.  No party will file documents containing protected information or reproduce protected information in any court filing unless the document or filing containing the protected information is placed under seal or information that would identify the subject of the document or filing has been removed or redacted. The parties understand that even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain the Court's approval that the sealing meets with the Ninth Circuit standards for sealing.  *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006).

6.    **Maintenance and storage of protected information.**  Defense counsel will maintain protected information in a secure and safe area, and will properly store, use and disseminate such information in accordance with this order.  Non-party recipients of protected

information pursuant to this order will follow the same procedures for storing, using and disseminating protected information.

7. **Addition of Counsel after Entry of Order.**  This order covers additional defense counsel in this case so long as they agree to be bound by the terms of this order and so consent by the execution of a supplemental stipulation, which shall be filed as a supplement to this order.

8. **Modification Permitted.** Nothing in this order shall prevent any party from seeking its modification.  The party seeking modification must first discuss any proposed modifications with opposing counsel and attempt to reach resolution before seeking modification from the Court.  The burden to show good cause always remains on the party seeking to restrict access to and use of protected information.

9. **No Waiver.**  The failure to designate any materials as protected information as provided in this order shall not constitute a waiver of a party's assertion that the materials are covered by the order.

10. **No Ruling on Discoverability or Admissibility.**  This order does not prevent a party from objecting to discovery that it believes to be otherwise improper.  Further, this order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible, and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

11. **Unauthorized Disclosure.**  If any protected information is disclosed in a manner not authorized by this order, then defense counsel shall make diligent efforts to obtain the return of the protected information and to bind the recipient of the protected information to the terms of this order.  Within 10 business days of learning of such disclosure, defense counsel will inform

the Court and the Government of the unauthorized disclosure and identify such recipient to the Court.

12. **Sanctions for Unauthorized Disclosure.** The parties will confer with each other before seeking relief from the Court for any alleged violations of this order. Neither party shall seek court-imposed sanctions without providing the other party with notice at least 3 business days in advance.

13. **Non-termination.** This order shall survive the termination of the criminal case and will continue in full force and effect thereafter until further court order.

14. **Reservation of Rights.** Nothing in this order prevents or limits, in any way, the Government's right to disclose protected information subject to this order.

DATED: **March 17, 2026**

B. Lynn Winmill
U.S. District Court Judge