Katryna Lyn Spearman, Esq.
Ga. Bar # 616038
kspearman@lowtherwalker.com

Murdoch Walker, II, Esq.
Ga. Bar # 163417
mwalker@lowtherwalker.com

Lowther | Walker, LLC
101 Marietta St. NW, Ste. 3650
Atlanta, GA 30303
O 404.496.4052 | F 866.819.7859
www.lowtherwalker.com

Randi L. Johnson, Esq.
Idaho Bar # 10739
rjohnson@gravislaw.com

Gravis Law, PLLC
1309 W. Dean Avenue, Ste. 100
Spokane, WA 99201
O 509.608.3083

Attorneys for Defendant
Vickie Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>  v.<br><br>VICKIE SMITH<br><br>    Defendant. | Case No. 1:25-CR-00272-BLW-1<br><br>UNOPPOSED MOTION TO CONTINUE JURY TRIAL AND ALL ASSOCIATED DEADLINES AND HEARINGS |

1

Ms. VICKIE SMITH, pursuant to 18 U.S.C. § 3161(h), respectfully moves this Court to continue the jury trial that is currently set for June 8, 2026, and extend all associated deadlines, for a period of not less than sixty days.

## I.      Relevant Procedural History

On September 9, 2025, a federal grand jury in this district indicted Ms. Smith on one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, twenty-eight counts of wire fraud in violation of 18 U.S.C. § 1343, one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(h), and forty counts of money laundering in violation of 18 U.S.C. § 1957. (Indictment, ECF No. 4)

On March 3, 2026, this Court set a trial date for June 8, 2026, and a trial readiness conference for May 28, 2026. (Order, ECF No. 55.)

## II.     Factual Assertions

The parties have been working diligently toward a pretrial resolution and are confident in their ability to resolve this matter pretrial. Ms. Smith is currently housed at Ada County Jail; due to her housing situation, her attorneys have had difficulty communicating with her. This has substantially slowed pretrial negotiations.

## III.    Memorandum of Law

The Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, excludes from the time in which a trial must commence:

> . . . . [a]ny period of delay resulting from a continuance granted by
> any judge . . . at the request of the defendant . . . if the judge granted
> such continuance on the basis of his findings that the ends of justice

served by taking such action outweigh the best interest of the public and the defendant in a speedy trial . . . . The factors, among others, which [this Court] shall consider in determining whether to grant a continuance [include] . . . [w]hether the failure to grant . . . a continuance . . . would deny counsel for the defendant or . . . the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(7)(A); (B)(iv). Ms. Smith submits that the ends of justice served by a sixty-day continuance will outweigh her and the public's interest in a speedy trial, and that all parties have exercised due diligence in their preparations thus far. *Id.*

Ms. Smith additionally submits that a sixty-day continuance is in the interest of judicial efficiency. Should the parties reach a pretrial resolution, it will save this Court the time and costs associated with a surely lengthy jury trial covering the seventy counts in Ms. Smith's indictment.

Therefore, the ends of justice are served by a sixty-day continuance.

## IV.    Opposing Party's Position

The Government <u>does not</u> oppose a continuance.

## V.    Conclusion

Ms. Smith, based on the foregoing factual assertions and argument, prays that this Court continue the jury trial and extend all associated deadlines for a period of sixty days.

Date:            March 26, 2026

<div style="margin-left: 50%;">

Respectfully submitted,

**_s/ Katryna Lyn Spearman_**
Katryna Lyn Spearman, Esq.

**_s/ Murdoch Walker, II_**
Murdoch Walker, II, Esq.

**_s/ Randi L. Johnson_**
Randi L. Johnson, Esq.

</div>