BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
BRITTNEY CAMPBELL, NORTH CAROLINA STATE BAR NO. 31433
DARCI W. CRANE, IDAHO STATE BAR NO. 8852
HEATHER S. PATRICCO, DISTRICT OF COLUMBIA BAR NO. 465883
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

VICKIE SMITH,

Defendant.

Case No. 1:25-CR-00272-BLW

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT[1] and**

**SEIZURE OF 2024 RANGE ROVER VIN ENDING 2839 AND 2024 MERCEDEZ BENZ GLE AMG 63 S COUP VIN ENDING 0949**

The United States requests that this Court enter a Preliminary Order of Forfeiture ("POF"), to include an Order that the Government be permitted to seize a 2024 Range Rover VIN ending in 2839 and a 2024 Mercedez Benz GLE AMG 63 S Coup VIN ending in 0949 ("Vehicles") under the POF.

[1] A Preliminary Order of Forfeiture is final as to the Defendant. Fed. R. Crim. P. 32.2(b)(4). Thus, in some cases, a Final Order of Forfeiture is unnecessary. In other cases, the United States will seek a Final Order of Forfeiture to resolve third party interests or other issues.

The record establishes: (a) the requisite nexus between the property subject to forfeiture and the offense, as required by Federal Rule of Criminal Procedure 32.2, and (b) a sufficient factual and legal basis for forfeiture. Defendant agreed to forfeiture of the property listed below. Dkt. Nos. 79, 80, and 82 (Report and Recommendation). The personal property and financial accounts have been seized; however the Vehicles are not currently in the custody of the Government. The Government intends to seize those Vehicles under the authority of the Preliminary Order of Forfeiture.

The Preliminary Order of Forfeiture should include, but not be limited to, the following Subject Property and any Substitute Assets.

**Subject Property**:

Seized personal Property:

1. Blue Samsung Galaxy Z Fold5
2. Light Green Apple iPhone, Serial Number Unknown
3. Samsung Galaxy Note 20 Ultra 5G, IMEI 359010330287216
4. Rose Gold Apple iPhone, Serial Number Unknown
5. White Pearl/Pink Samsung Galaxy S23 Ultra, IMEI: 355867880977130
6. Grey Samsung Galaxy S24 Ultra, IMEI: 356299191995834
7. White Pearl Samsung Galaxy S24 Ultra, IMEI: 355545131730819
8. Western Digital My Passport Ultra For Mac (SN: Wx72d219v35h)

Real Property:

1. 4051 Annecy Drive SW, Atlanta, GA 30331
2. 1283 Blairwood Court, Atlanta, GA

3. 6237 Needletail Road, Columbus, OH[2]

4. 435/439 South Reynolds Rd., Toledo, OH

5. 2520 Elvans[3] Rd. SE, Washington DC

6. 1469 Wadley Ave., Atlanta, GA

7. 1718 W Colter Street. #162, Phoenix, AZ 85015

Vehicles:

1. 2024 Range Rover VIN: SALK19E9RA252839

2. 2024 Mercedes Benz GLE AMG 63 S Coup VIN:4JGFD8KB1RB080949

Seized financial accounts:

1. Raymond James & Associates, Inc.

    a. Account No. ending in H351

    b. Account No. ending in 7170

    c. Account No. ending in 8340

2. Truist Financial Corporation Account No. ending in 2790

3. UBS Financial Services Inc. Account No. ending 5380

<u>Unrecovered Cash Proceeds and/or Facilitating Property:</u>

At least $21,260,021.25 in United States currency and all interest and proceeds traceable thereto. This amount represents unrecovered proceeds and facilitating property of the offense, which the defendant expended or otherwise disposed of. The factual basis for the defendant's guilty plea supports this amount.

---

[2] This address was inadvertently written as Columbus, GA in the Plea Agreement (Dkt. No. 79).
[3] This address was inadvertently written as Evans Rd in the Plea Agreement (Dkt. No. 79).

**Nexus and Factual Basis for Forfeiture**

The Defendant pleaded guilty to Counts One and 30 of the Indictment, a violation of 18 U.S.C. §§ 1349 and 1956(h). Dkt. Nos. 79, 80, and 82 (Report and Recommendation). Defendant admitted to possessing the Subject Property in connection with conducting financial transactions involving property they knew to be the proceeds of wire fraud for the purpose of concealing or disguising the nature, location, source, ownership, and control of the proceeds. Dkt. No. 79.

**Statutory Authority**

The Court's forfeiture authority originates from 18 U.S.C. §§ 981(a)(1)(C), 982(a), and 28 U.S.C. § 2461(c), which provides that, when imposing sentence on any person convicted of a violation of 18 U.S.C. §§ 1349 and 1956(h), the Court, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense.

The Court's authority to authorize seizure of the Vehicles originates from Federal Rule of Criminal Procedure 32.2(b)(3), authorizing seizure of property subject to forfeiture pursuant to the Preliminary Order of Forfeiture.

**Substitute Assets**: Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third person;

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be divided without difficulty.

If the United States seeks a Final Order of Forfeiture, the United States will provide written notice to all known third parties asserting a legal interest in the above-described property and will publish notice for thirty consecutive days on www.forfeiture.gov of the Court's Preliminary Order of Forfeiture and the United States' intent to dispose of the property.

WHEREFORE, the United States respectfully requests that this Court enter judgment of criminal forfeiture by issuing the Preliminary Order of Forfeiture, forfeiting to the United States of America the interest of the above-captioned defendant(s) in the above-described property and property set out in the forfeiture allegation of the charging document.

It is further requested that this Court authorize the United States Attorney General (or a designee) to seize immediately the above-described property and subsequently to dispose of it according to law.

The United States further requests authorization, pursuant to Criminal Rule 32.2(b)(3) and 32.2(c)(1)(B), to conduct any discovery, including interrogatories and depositions, necessary: (1) to identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto, or any property that may be forfeited as substitute assets; and (2) to expedite ancillary proceedings related to any third party interests claimed pursuant to 21 U.S.C. § 853(n).

Pursuant to Criminal Rule 32.2(b)(4), this Preliminary Order of Forfeiture shall be final as to the defendant, made a part of the sentence, and included in the judgment at the time of sentencing.

A proposed preliminary order of forfeiture is being submitted to the Court via email.

Respectfully submitted this 28th day of September, 2026.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

*/s/ Heather S. Patricco*
HEATHER S. PATRICCO
Assistant United States Attorney