UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>VICKIE SMITH,<br>Defendant. | Case No. 1:25-CR-00272-BLW<br>**PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT[1] and**<br>**ORDER FOR SEIZURE OF 2024 RANGE ROVER VIN ENDING 2839 AND 2024 MERCEDEZ BENZ GLE AMG 63 S COUP VIN ENDING 0949** |

This matter comes before the Court on the United States' Motion for Preliminary Order of Forfeiture, Final as to Defendant. Dkt. No. 83.

The Court finds that the Motion and the record establish: (a) the requisite nexus between the property subject to forfeiture and the offense, as required by Federal Rule of Criminal Procedure 32.2, and (b) a sufficient factual and legal basis for forfeiture to include, but not be limited to, the following Subject Property and any Substitute Assets.

**Subject Property:**

Seized personal Property:

1. Blue Samsung Galaxy Z Fold5
2. Light Green Apple iPhone, Serial Number Unknown
3. Samsung Galaxy Note 20 Ultra 5G, IMEI 359010330287216
4. Rose Gold Apple iPhone, Serial Number Unknown
5. White Pearl/Pink Samsung Galaxy S23 Ultra, IMEI: 355867880977130

[1] A Preliminary Order of Forfeiture is final as to the Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4).

6. Grey Samsung Galaxy S24 Ultra, IMEI: 356299191995834

7. White Pearl Samsung Galaxy S24 Ultra, IMEI: 355545131730819

8. Western Digital My Passport Ultra For Mac (SN: Wx72d219v35h)

Real Property:

1. 4051 Annecy Drive SW, Atlanta, GA 30331

2. 1283 Blairwood Court, Atlanta, GA

3. 6237 Needletail Road, Columbus, OH[2]

4. 435/439 South Reynolds Rd., Toledo, OH

5. 2520 Elvans[3] Rd. SE, Washington DC

6. 1469 Wadley Ave., Atlanta, GA

7. 1718 W Colter Street. #162, Phoenix, AZ 85015

Vehicles:

1. 2024 Range Rover VIN: SALK19E9RA252839

2. 2024 Mercedes Benz GLE AMG 63 S Coup VIN:4JGFD8KB1RB080949

Seized financial accounts:

1. Raymond James & Associates, Inc.

    a. Account No. ending in H351

    b. Account No. ending in 7170

    c. Account No. ending in 8340

2. Truist Financial Corporation Account No. ending in 2790

3. UBS Financial Services Inc. Account No. ending 5380

[2] This address was inadvertently written as Columbus, GA in the Plea Agreement (Dkt. No. 79).
[3] This address was inadvertently written as Evans Rd in the Plea Agreement (Dkt. No. 79).

Unrecovered Cash Proceeds and/or Facilitating Property: At least $21,260,021.25 in United States currency and all interest and proceeds traceable thereto. This amount represents unrecovered proceeds and facilitating property of the offense, which the defendant expended or otherwise disposed of. The factual basis for the defendant's guilty plea supports this amount.

**Nexus and Factual Basis for Forfeiture**

The Defendant pleaded guilty to Counts One and 30 of the Indictment, a violation of 18 U.S.C. §§ 1349 and 1956(h). Dkt. Nos. 79, 80, and 82 (Report and Recommendation). Defendant admitted to possessing the Subject Property in connection with conducting financial transactions involving property they knew to be the proceeds of wire fraud for the purpose of concealing or disguising the nature, location, source, ownership, and control of the proceeds. Dkt. No. 79.

**Statutory Authority**

The Court's forfeiture authority originates from 18 U.S.C. §§ 981(a)(1)(C), 982(a), and 28 U.S.C. § 2461(c), which provides that, when imposing sentence on any person convicted of a violation of 18 U.S.C. §§ 1349 and 1956(h), the Court, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense.

**Seizure**

The United States Attorney General (or a designee) is authorized to seize the Subject Property in accordance with Criminal Rule 32.2(b)(3).

**Discovery**

The United States is further authorized, pursuant to Criminal Rule 32.2(b)(3) and 32.2(c)(1)(B), to conduct any discovery, including depositions and interrogatories intended to: (a) identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto,

or any property that may be forfeited as substitute assets; or (b) expedite ancillary proceedings related to any third-party interests claimed pursuant to 21 U.S.C. § 853(n).

**Third-Party Procedures**

The United States Attorney General (or a designee) is hereby authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

If the United States seeks a Final Order of Forfeiture, it shall provide the required notice, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and 21 U.S.C. § 853(n).

The United States may publish on an official government internet site (www.forfeiture.gov) for at least thirty (30) consecutive days, pursuant to Supplemental Rule G(4)(a)(iv)(C). The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property, other than the above-named defendant(s), pursuant to Supplemental Rule G(4)(b) and 21 U.S.C. § 853(n)(1).

Any person asserting a legal interest in the Subject Property, or other forfeited property, must file a claim with the Court within the applicable deadlines. Otherwise, the claim will be waived and lost. Supplemental Rule G contains specific deadlines, but typically the deadline to file a claim is no later than sixty days after first publication or thirty days after receipt of notice, whichever is earlier. Any claim must be signed under the penalty of perjury and must meet the statutory and Rule requirements, including those in § 853(n) and Supplemental Rule G(5).

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests. If no third party files a timely claim, this Preliminary Order of Forfeiture becomes final as to third parties, pursuant to Criminal Rule 32.2(c)(2).

**Final as to Defendant**

The Preliminary Order of Forfeiture terminates a defendant's rights. Thus, a defendant may not participate in the ancillary proceeding. This Preliminary Order of Forfeiture is part of the sentence and shall be included in the judgment. *See* Criminal Rule 32.2(b)(4).

This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Criminal Rule 32.2(e).

DATED: October 20, 2026

B. Lynn Winmill
U.S. District Court Judge